**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN BETANCOURT,

Plaintiff,

v. No. 2:26-cv-0108 SMD-JHR

MESILLA VALLEY MANUFACTURED
HOUSING COMMUNITIES, LLC, *et al.*,

Defendants.

**ORDER GRANTING MOTION TO REQUIRE APPEARANCE OF COUNSEL AND TO EXTEND PLAINTIFF'S CASE MANAGEMENT DEADLINES**

Before the Court is Plaintiff's Motion to Require Appearance of Counsel and for Limited Extension of Plaintiff's Discovery Deadline and Related Deadlines (Doc. 21) ("Motion"), filed September 18, 2026. In the Motion, Plaintiff asks the Court to: (1) order Defendants to obtain new counsel, and new counsel to enter an appearance, by October 2, 2026; and (2) extend Plaintiff's discovery, discovery motions and pretrial deadlines to December 31, 2026, January 11, 2027, and February 16, 2027, respectively. (*Id.*) Having reviewed the Motion, the record and the relevant law, the Court FINDS the Motion is well-taken and should be GRANTED as set forth below.

Plaintiff certifies that she served the Motion on Defendants by mail, presumably by September 18, 2026.[1] (Doc. 21 at 10.) As such, Defendants' response, if any, was due by October 5, 2026. *See* D.N.M.LR-Civ. 7.4(a) (providing that a response to a motion is due within 14 days after service of the motion); Fed. R. Civ. P. 6(d) (providing that when a party must act within a

[1] Plaintiff's counsel failed to indicate the specific date of service of the Motion. (Doc. 41 at 10.) However, counsel appears to have been acting in compliance with Local Rule 7.1(b), which requires a motion to "include a certificate of service on each party," such that the Motion would have to have been served no later than the time of filing. D.N.M.LR-Civ. 7.1(b).

specified time after service and service is by mail, 3 days are added after the period would otherwise expire). However, no response was filed by October 5, 2026. Further, even if Defendants could not have filed a response until October 8, 2026, when their new counsel entered his appearance, no response was filed by that date, either. The Court therefore concludes that Defendants have consented to the granting of the Motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

There being no opposition to the Motion, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion (Doc. 21) is GRANTED.
2. Defendants shall obtain new counsel, and new counsel shall enter an appearance in this matter, by October 2, 2026;[2]
3. Case management deadlines are extended as follows ***as to Plaintiff only***:
   a. Plaintiff's discovery deadline is extended to **December 31, 2026**;
   b. The deadline for Plaintiff to file motions relating to discovery is extended to **January 11, 2027**; and
   c. The deadline for Plaintiff to file pretrial motions other than discovery motions is extended to **February 16, 2027**.

[2] In a Notice of Appearance filed on October 8, 2026, new counsel entered an appearance on Defendants' behalf and indicated that he served the Notice on Plaintiff by October 2, 2026. (Doc. 22 at 1.) The Court construes this as compliance with the requirement for Defendants to obtain new counsel and for new counsel to enter an appearance by October 2, 2026.

4. All other provisions of the Court's Order Setting Case Management Deadlines and Discovery Parameters (Doc. 13) and Order Granting Joint Motion to Extend Termination Date for Discovery (Doc. 18) remain in effect.[3]

IT IS SO ORDERED.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

[3] However, this Order is without prejudice to Defendants' ability to file a timely and properly supported motion to reopen and extend one or more case management deadlines applicable to them.